IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02423-MSK-MEH

UNITED STATES OF AMERICA,

Plaintiff,

v.

VEND DIRECT, INC.; a Colorado corporation; and
GARY LUCKNER, individually and as officer of the corporation;

Defendants.

---

**RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT**

---

Before the Court is Plaintiff's Motion for Default Judgment [Docket #12] and a proposed order on default judgment of permanent injunctive relief. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation [Docket #13]. For the reasons set forth below, the Court recommends that Plaintiff's Motion for Entry of Judgment against Defendants Vend Direct, Inc., and Gary Luckner be **granted** and that the District Judge enter the attached Judgment and Order of Permanent Injunction.

## I. Background

### A. Factual

Plaintiff United States of America, on behalf of the Federal Trade Commission, brings claims against Defendants for violations of the Federal Trade Commission Act ("FTC Act") due to Defendants' allegedly unfair or deceptive practices in marking their vending machines, as well as violations of the Franchise Rule for failing to make required disclosures to prospective purchasers. Plaintiff alleges the following factual allegations in the Complaint, which are now confessed due to

Defendants' failure to Answer the Complaint. Defendant Gary Luckner is the President of Defendant Vend Direct, Inc., and both Defendants are located in Colorado. Through classified newspaper advertisements and through their website, www.venddirect.net, Defendants advertise the business opportunities they provide through the purchase of Defendants' vending machines. Defendants provide a toll-free number for consumers to call to learn how much money they can make with vending machines. Defendants provide estimated earnings on their website based on the number of vending machines purchased and provide testimonials of other purchasers in their literature sent to prospective purchasers. These testimonials state the amounts of money earned by these individuals without providing the complete contact information or the documentation to substantiate any of the earnings claims made by Defendants or the testimonials.

Defendants further claim to provide a list of locations for placing their vending machines, as well as a "success coach," which they fail to provide. Defendants' website also includes a profit calculator that allows prospective purchases to enter the number of machines and the number of days for a machine to empty to determine the daily, weekly, and monthly sales for the machines. Defendants provide no documentation to support these calculations.

Plaintiff obtained evidence of Defendants' violations through an FTC investigator who recorded her conversations with Defendants when she posed as a prospective purchaser. Plaintiff also sent questionnaires to known purchasers of Defendants' vending machines, which uncovered three other individuals who were injured by Defendants' conduct. Plaintiff specifically sets forth the following violations in its Motion for Default Judgment. Defendants made numerous statements regarding the profitability of the machines, including that "we'd love to see you make probably about $1,500 to $2,000 per month profit," and that 30 machines can generate $3,000 profit when they

"empty out," without informing the FTC investigator that documentation existed to substantiate these earnings claims. Defendants also provided promotional materials to the FTC investigator with similar unsubstantiated earnings claims and lacking the contact information for existing franchisees.

Defendants' website also fails to substantiate the earnings claims made by the profit calculator, and nowhere do Defendants disclose the number and percentage of prior purchasers known to have achieved similar or better results.

Craig Taggert invested over $1,600 in Defendants' vending machines after being told by Defendants' employees that he could expect to earn around $900 to $1200 per month per machine. These statements were not true. Defendants also failed to provide information to substantiate these earnings claims or to provide the contact information of other purchasers.

Darlene Manghan invested over $1,395 in Defendants' vending machines after being told by Defendants' employees that each machine would net approximately $400 when emptied. These statements were not true. Defendants also failed to provide information to substantiate these earnings claims or to provide the contact information of other purchasers.

Courtney Call invested over $5,600 after being told by Defendants' employees that each machine would make at least $1 to $2 dollars a day and would empty in about three weeks time. Ms. Call thus expected to make between $1,440 and $2,880 per month, but was unable to do so. Defendants also failed to provide information to substantiate these earnings claims or to provide the contact information of other purchasers.

**B. Procedural**

Plaintiff filed its Complaint for Civil Penalties, Consumer Redress, Permanent injunction and Other Equitable Relief on December 4, 2006. Dock. #1. Defendants were personally served with

the Complaint on December 12, 2006. Dock. #5-3. The address listed for Defendants on the Court's Docket is the same address at which Defendants were personally served. All pleadings in this case have been served on Defendants at that address, yet Defendants have filed no responsive pleading nor any document whatsoever with the Court, nor have they made an appearance of any kind. On January 22, 2007, Plaintiff filed a Motion for Entry of Default against Defendants, and the Clerk of the Court entered default against Defendants on January 23, 2007. Dock. ##5, 6. Plaintiff's instant Motion for Default Judgment followed on March 20, 2007. Dock. #12.

## II. Discussion

### A. Jurisdiction is proper

If a party fails to answer or otherwise defend, a default may be entered against the party. Fed. R. Civ. P. 55(a). In doing so, all well-pleaded factual allegations contained in the Complaint are deemed admitted. *See United States v. Craighead*, 176 Fed. Appx. 922, 924 (10th Cir. 2006). Nevertheless, the Court must first consider personal and subject matter jurisdiction in determining whether entry of default judgment is warranted. *E.g.*, *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986) (lack of subject matter jurisdiction constitutes good cause to set aside a default judgment); *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (district court erred in failing to determine personal jurisdiction issue before considering entry of default judgment).

In this case, Defendants were properly served in the State of Colorado. Defendant Luckner is a resident of Colorado, and Defendant Vend Direct transacts business in the State of Colorado. Thus, personal jurisdiction is appropriate over these Defendants. Subject matter jurisdiction is also proper, because Plaintiff alleges violations of several provisions of the FTC Act. 15 U.S.C. §§ 45(a),

45(m)(1)(A), 53(b), 56(a), and 57b.

**B. The facts alleged support violations of the FTC Act**

Pursuant to Section 5(a) of the FTC Act, "unfair or deceptive acts or practices in or affecting commerce are hereby declared unlawful." 15 U.S.C. § 45(a)(1). To establish a violation of the Act, Plaintiff must show that "the business entity made material representations likely to mislead ordinary consumers to their detriment." *FTC v. Freecom Communs., Inc.*, 401 F.3d 1192, 1203 (10th Cir. 2005). The business opportunity presented need not be a scam; the issue is simply whether the statements made by the Defendants violate the law. *FTC v. Tashman*, 318 F.3d 1273, 1277 (5th Cir. 2003). Moreover, the Defendants' intent is not controlling, because "the primary purpose of § 5 is to protect the consumer public rather than to punish the wrongdoer." *Freecom*, 401 F.3d at 1202. "Instead, the 'cardinal factor' is . . . the likely effect the promoter's handiwork will have on the mind of the ordinary consumer." *Id.*

In this case, Defendants' representations concerning the income these vending machines would produce fails to comply with 16 C.F.R. §§ 436.1(b)-(c) and constitutes a material representation.

> Misrepresentations concerning anticipated income from a business opportunity generally are material and likely to mislead consumers because such misrepresentations strike at the heart of a consumer's purchasing decision. Neither proof of consumer reliance nor consumer injury is necessary to establish a § 5 violation. Otherwise, the law would preclude the FTC from taking preemptive action against those responsible for the deceptive acts or practices, contrary to § 5's prophylactic purpose.

*Id.* at 1203 (citations omitted). Defendants repeatedly misled consumers by providing estimated earnings per vending machine and "testimonials" of those who had received such high earnings, without providing supporting documentation. In addition, these general estimations provided to all

prospective purchasers through Defendants' website, promotional literature, and direct conversations did not prove true for the purchasers listed above. Because Defendants have failed to participate in this litigation, thus precluding discovery, Plaintiff cannot determine whether other purchasers were similarly misled. Accordingly, under the Tenth Circuit's interpretation of the FTC Act, the facts set forth above support violations of § 5 of the FTC Act.

Plaintiff also alleges violations of the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures" (the Franchise Rule") of 16 C.F.R. § 436. The Franchise Rule requires the disclosure of twenty separate categories of information, including the information necessary for a prospective purchaser to contact existing purchasers. 16 C.F.R. § 436.1(a). Defendants failed to disclose such information, which constitutes a § 5 violation of the FTC Act. *See* 15 U.S.C. § 57a(d)(3) and 16 C.F.R. § 436.1.

**C. A Permanent Injunction and Civil Penalties Are Proper**

A permanent injunction is proper if Plaintiff can establish a reasonable likelihood that the violations may occur again; widespread use of newspaper and Internet advertisements satisfies this likelihood. *See Freecom*, 401 F.3d at 1204. Once a corporate violation is established, an injunction against an individual defendant is appropriate if Plaintiff can "show the individual participated directly in the business entity's deceptive acts or practices, or had the authority to control such acts or practices." *Id.* Such a showing enables the FTC to prevent the individual defendant from starting a new business and continuing the same deceptive practices. *Id.* Here, Defendant Luckner is the president of Vend Direct and spoke directly with prospective purchasers. Thus, Defendant Luckner both participated in and controlled the deceptive practices. An injunction against both Defendants is, therefore, proper.

Civil penalties are also allowed under the FTC Act. *See* 15 U.S.C. § 45(m)(1)(A). Pursuant to the 16 C.F.R. § 1.98(d), a civil penalty of $11,000 is available for each violation. Plaintiff seeks civil penalties totaling $99,000 for the following nine violations: (1) failure to substantiate the earnings projected to Craig Taggert; (2) failure to substantiate the earnings projected to Darlene Mangham; (3) failure to substantiate the earnings projected to Courtney Call; (4) failure to substantiate the earnings projected to the FTC investigator; (5) failure to disclose complete contact information for current franchisees to Craig Taggert; (6) failure to disclose complete contact information for current franchisees to Darlene Mangham; (7) failure to disclose complete contact information for current franchisees to Courtney Call; (8) failure to disclose complete contact information for current franchisees to the FTC investigator; and (9) failure to substantiate the earnings projected to prospective purchasers through Defendants' website, www.venddirect.net. The Court finds that each of these nine incidents represent a violation of § 5 and concludes that civil penalties in the amount of $99,000 is appropriate.

The remedies available under Section 13(b) of the FTC Act for violations of the Act include the full range of equitable remedies, such as disgorgement or restitution. *FTC v. Gem Merchandising Corp.*, 87 F.3d 466, 469 (11th Cir. 1996). Here, Plaintiff seeks consumer redress for the three individuals of which the FTC is aware who have invested in Defendants' business opportunity to their detriment. The amounts listed above for the investments of Craig Taggert, Darlene Mangham, and Courtney Call total $9,405. Based on the violations outlined above, an order of restitution in the amount of $9,405 for these individuals is proper.

**D. Defendants should be held jointly and severally liable**

Corporate defendants and individual defendants may be held jointly and severally liable for

violations of the FTC Act. *FTC v. World Media Brokers*, 415 F.3d 758, 765-66 (7th Cir. 2005). If both defendants participate in the wrongful acts and these acts materially contributed to the losses suffered, joint and several liability is appropriate. *Gem Merchandising Corp.*, 87 F.3d at 468. Here, Defendant Luckner spoke with two of the three purchasers and provided inaccurate and unsupported income statements. His control of the company and direct participation in the violations support holding both Defendants jointly and severally liable for this judgment.

## III. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment [Filed March 20, 2007; Docket #12] be **granted**. The Court further RECOMMENDS that the District Judge enter the attached Order of Default Judgment. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 11th day of May, 2007.

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge