IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02423-MSK-MEH

UNITED STATES OF AMERICA,

       Plaintiff,

v.

VEND DIRECT, INC., a Colorado corporation, and
GARY LUCKNER, individually and as an officer of the corporation,

       Defendants.

## ORDER WITH REGARD TO RECOMMENDTION ON
## MOTION FOR ENTRY OF DEFAULT JUDGMENT

THIS MATTER comes before the Court on the Plaintiff's motion **(#12)** seeking the entry of a default judgment against both Defendants, and the Magistrate Judge's recommendation **(#15)** that such motion be granted. No party has timely objected to the recommendation. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff, United States of America, commenced this action against the Defendants, Vend Direct, Inc. and Gary Luckner, individually and as an officer of Vend Direct, pursuant to Section 16(a)(1) of the Federal Trade Commission Act to secure civil penalties, consumer redress, a permanent injunction, and other equitable relief. The Plaintiff claims that the Defendants sell vending machine business ventures, make false representations about the profitability of such ventures, and fail to make legally required disclosures under the Franchise Rule.

The Plaintiff moved **(#5)** for the entry of a default. Such motion was accompanied by an

affidavit and exhibits demonstrating that: (1) both Defendants were served with the summons and Complaint on December 12, 2006; (2) neither Defendant filed an Answer or otherwise defended against the Complaint's allegations by the date of the motion, January 22, 2007; and (3) Defendant Gary Luckner is not an infant, incompetent, in the military service, or an agent or officer of the United States or the State of Colorado. Based thereon, the Clerk of Court entered a default against both Defendants.

The Plaintiff then moved **(#12)** for the entry of default judgment, and filed a supporting brief **(#14)** and proposed judgment and order of permanent injunction. It seeks imposition of a civil penalty in the amount of $99,000 (equivalent to $11,000 per violation for nine violations of the Federal Trade Commission Act), an award of $9,405 in consumer redress (reflective of actual amounts spent by investors), and permanent injunctive relief. The Plaintiff requests that such award be joint and several.

The Magistrate Judge recommends **(#15)** that the Plaintiff's motion for entry of a default judgment be granted, and that the Court issue the judgment and order of permanent injunction in the form proposed by the Plaintiff. First, the Magistrate Judge determined that there were nine violations of the Federal Trade Commission Act for which a civil penalty of $11,000 per violation is available. He then found that there were three individuals who invested a total of $9,405, and such individuals are entitled to redress in that amount. He also determined that permanent injunctive relief is appropriate because there is a reasonable likelihood that the Defendants' violations will continue. Finally, he determined that the Defendants should be held jointly and severally liable.

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any

portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation.  When no objections are filed, as in this case, the Court may apply whatever standard of review it deems appropriate, and is not required to engage in *de novo* review.  *See Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

The Magistrate Judge's recommendation is not clearly erroneous.  Despite having been served with the summons and Complaint, neither Defendant has defended against the Complaint's allegations, and the Clerk of Court properly entered a default against them.  The documentation submitted by the Plaintiff with its motion for the entry of a default judgment demonstrates nine violations of the Federal Trade Commission Act, and a total of $9,405 in investments by individuals to whom these violations pertain.

However, the proposed Judgment and Order of Permanent Injunction **(#12-6)** filed by the Plaintiff goes much further than imposing a civil penalty or ordering redress.  Indeed, the scope of the proposed order exceeds that requested in the Complaint and is far broader than the arguments made by the Plaintiff in its motion for the entry of a default judgment and supporting memorandum.  For instance, the Plaintiff seeks to enjoin enforcement of other judgments obtained by the Defendants, to impose reporting requirements on the Defendants, to require the Defendants to maintain records, and more.  The permissibility of these and other provisions is not evident.

**IT IS THEREFORE ORDERED** that the Plaintiff shall have 15 days from the date of this Order in which to:

1) Modify the proposed Judgment to comport with the arguments presented to the Magistrate Judge; or

2) Request an evidentiary hearing pursuant to Fed. R. Civ. P 55 for presentation of such

evidence and argument as is necessary for the relief currently requested.

Dated this 26th day of July, 2007

**BY THE COURT:**

_/s/ Marcia S. Krieger_

Marcia S. Krieger
United States District Judge