IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02423-MSK-MEH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

VEND DIRECT, INC.,
a Colorado corporation; and

GARY LUCKNER, individually and as an
officer of the corporation,

        Defendants.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

THIS MATTER comes before the Court on the Plaintiff's motion **(#12)** for the entry of default judgment, and the Magistrate Judge's Recommendation **(#15)** that the motion be granted. No objection has been filed.  Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

### II. Analysis

The Plaintiff, United States of America, filed a Complaint for Civil Penalties, Consumer Redress, Permanent Injunction and Other Equitable Relief **(#1)** against Vend Direct, Inc., and Gary Luckner (collectively, "Defendants").  The Plaintiff alleges that the Defendants violated the Federal Trade Commission Act ("the FTC Act") when they offered vending machine business

ventures to consumers, made false representations about the profitability of such ventures, and failed to make disclosures required under the Franchise Rule of the FTC Act. The Plaintiff prays for entry of a permanent injunction to prevent future violations of the FTC Act and Franchise Rule, for a civil penalty in the amount of $11,000 per violation of the Franchise Rule, and for a separate amount for "consumer redress" for injuries to franchisees.

The Defendants were each personally served with a summons and copy of the Complaint. The Defendants failed to appear or otherwise defend the claims asserted against them, and pursuant to Fed. R. Civ. P. 55, the Clerk of Court entered a default **(#6)** against them.

The Plaintiff then filed its motion for the entry of default judgment **(#12)**. The Plaintiff asks the Court to enter judgment in its favor, to issue a permanent injunction against the Defendants, and to impose a civil penalty and order consumer redress against the Defendants. The Magistrate Judge recommends **(#15)** that the motion be granted and that the Court issue the proposed Judgment and Order of Permanent Injunction provided by the Plaintiff. Because the Plaintiff demonstrated eleven violations of the Franchise Rule, as well as out of pocket losses to consumers in the amount of $9,405, the Magistrate Judge recommends assessment of a civil penalty in the amount of $99,000, and consumer redress in the amount of $9,405.

Upon initial consideration of the Recommendation, this Court found that entry of a default judgment was not clearly erroneous, but that the proposed Judgment and Order of Permanent Injunction exceeded the scope of what was requested in the Complaint and was broader than the arguments which the Plaintiff made in its motion. The Court expressed concern, in specific, with proposed language which would enjoin the Defendants' enforcement of other judgments they obtained, would impose reporting requirements on the Defendants, and would require the Defendants to maintain records. Therefore, the Court directed **(#16)** the Plaintiff either to modify

the proposed judgment to comport with the arguments it made or to request an evidentiary hearing. The Plaintiff instead has filed a Brief **(#17)** explaining the particular injunctive relief it seeks and the authority for making the request.

### III. Issue Presented

At this juncture, the issue presented is whether the Court should enter a default judgment against the Defendants in the form proposed by the Plaintiff, when the relief requested in the proposed form of default judgment is more specific and broader in scope than the relief requested in the Complaint.

### IV. Analysis

The proposed Judgment and Order of Permanent Injunction which the Plaintiff asks this Court to enter covers a broad scope of injunctive and other equitable relief. It would: (1) require the Defendants to comply with the Franchise Rule; (2) prohibit the Defendants from making false representations; (3) restrain the Defendants from transferring customer information to others; (4) require the Defendants to pay a civil penalty and consumer redress; (5) require the Defendants to give notice to credit bureaus to remove certain negative items from a franchisee's credit report; (6) prevent the Defendants from enforcing any judgment previously obtained against a customer or franchisee; (7) require the Defendants to acknowledge receipt of the judgment; (8) require the Defendants to distribute copies of the judgment to specific people; (9) require the Defendants to monitor and report their compliance with the judgment; (10) require monitoring of the Defendants' sales personnel; (11) require the Defendants to maintain records; and (12) authorize the Plaintiff to monitor the Defendants for compliance with the judgment.

The relief sought by the Plaintiff in the instant motion and proposed form of judgment is much broader and more specific than what was pled in its Complaint. The prayer for relief in the

Complaint sought entry of a permanent injunction to prevent future violation of the FTC Act and Franchise Rule, imposition of civil penalties, "such relief as . . . necessary to redress injury to consumers" including "the refund of monies paid," and "such other and additional relief as the Court may determine to be just and proper." Although the proposed judgment addresses these prayers for relief, some of the injunctive relief requested by the Plaintiff is actually aimed at past violations of the FTC Act and Franchise Rule and thus was not encompassed within the prayer for relief.

The Plaintiff correctly states that the Court can order broad injunctive relief beyond the specific violations it has alleged in its Complaint in order to "fence in" the Defendants and prevent further injuries to consumers. 15 U.S.C. § 53(b)  "[I]n proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction[.]" *Id.*  Injunctive relief can be broader than the violations alleged in the complaint as long as the relief is reasonably related to the violations of the FTC Act which occurred, and is "not too indefinite." *Cf. Amrep Corp. v. F.T.C.,* 768 F.2d 1171, 1179-81 (10th Cir. 1985) (in the administrative context, the FTC can order broad remedial relief to remedy unfair trade practices). For instance, an injunction can direct a defendant to engage in affirmative conduct designed to "fence in" the defendant and prevent further violations. *Id.*; *see also F.T.C. v. Ruberoid Co.*, 343 U.S. 470, 473 (1952) (the FTC "must be allowed to effectively close all roads to the prohibited goal").

The problem addressed by the Court in its last order was not the Plaintiff's right to request relief, but instead the Defendant's right to notice and the opportunity to object to the specific relief requested. Default judgments are peculiar because they are entered when a defendant, having received notice of allegations and a request for relief in the Complaint, elects not to respond. Under Fed. R. Civ. P. 55, such failure to respond is treated as an admission to the

complaint's allegations, and thus allows for judgment to enter. *See Lundahl v. Zimmer,* 296 F.3d 936, 939 (10th Cir. 2002). When a plaintiff seeks a default judgment that is broader than what is requested in the complaint, the question is whether the defendant has had adequate notice and opportunity to respond.

Neither the Plaintiff, nor caselaw cited by it addresses this issue. However, upon independent review of the record, the Court finds that the motion for the entry of default judgment and the proposed form of judgment were served on the Defendants, and that they have failed to object. The Magistrate Judge's Recommendation and this Court's subsequent Order **(#16)** were also mailed to the Defendants, and no objection was lodged. Because the Defendants have had both notice and an opportunity to object to the relief sought, they have been accorded due process. Therefore, the Court turns to whether such relief can be afforded in light of the factual allegations of the Complaint..

Relief is tailored to address the deceptive representations made by the Defendant addresses future violations of the Franchise Rule. Therefore, the proposed language of Plaintiff's proposed judgment entitled "I. Compliance with Franchise Rule," "II. Prohibited Representations," "III. Transfer of Customer Lists," "VI. Notice to Credit Bureaus," "VII Non-Enforcement of Judgments," "VIII. Acknowledgment of Receipt of Order by Defendants, "IX. Distribution of Order by Defendants," "X. Compliance Reporting by Defendants," "XI. Monitoring Compliance of Sales Personnel," "XII. Record-Keeping Provisions," "XIII. Compliance Monitoring," and "XV. Retention of Jurisdiction", is appropriate.

Sections IV and V of the Plaintiff's proposed judgment pertain to imposition of a civil penalty and consumer redress. The Plaintiff has shown that a civil penalty in the amount of

$99,000 should be imposed against the Defendants, jointly and severally, pursuant to Section 5(m)(1)(A) of the Federal Trade Commission Act, 15 U.S.C. § 45(m)(1)(A). It also has shown that the Defendants should be ordered to pay consumer redress in the amount of $9,405. As to these, the Plaintiff's proposed judgment describes a reasonable method for payment to be made, and the penalty for default.

However, the language in proposed Sections IV, V, and XIV describes the prospective effect that the default and resulting judgment will have in other litigation. The Court declines to make any determination as to the effect of orders and the judgment issued in this case on other litigation. Therefore, the language of such sections is not included.

**IT IS THEREFORE ORDERED** that:

1. The Plaintiff's motion for the entry of default judgment **(#12)** is **GRANTED.**

2. The Court adopts the Magistrate Judge's Recommendation **(#15)** that the Court enter a default judgment against the Defendants, but declines to enter judgment in the precise form proposed by the Plaintiff.

Dated this 13th day of November, 2007

                                            **BY THE COURT:**

                                            *Marcia S. Krieger*
                                            _____
                                            Marcia S. Krieger
                                            United States District Judge